Swartz, Appellant, *v.* Sunderland.

Argued January 3, 1961. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

*Robert Siegel,* with him *Siegel and Siegel,* for appellant.

*Albert Houck,* for appellee.

OPINION BY MR. JUSTICE EAGEN, March 23, 1961:

If one of the two joint tortfeasors settles with the injured third party and obtains a release of all claims against both *without suit or judgment having been entered,* may contribution be enforced against the other wrongdoer? This is the narrow question for decision in this case.

The issue arises out of an automobile accident wherein the negligence of both the appellant and the appellee allegedly resulted in injury to the person and damage to the property of innocent third parties. The appellant settled with the aggrieved persons before the entry of suit and, in consideration, gained a release of all claims against both tortfeasors. In this case, he seeks contribution from the appellee for one-half of the amount paid in settlement. The lower court sustained preliminary objections to the complaint in the nature of a demurrer and entered judgment for the defendant. On appeal, the Superior Court affirmed. The rationale of both decisions is that before a tortfeasor may seek contribution by a separate suit in assumpsit, the basis for such action must be predicated on liability for the wrong established by a judgment.

It is now well established in Pennsylvania that a tortfeasor enjoys the right of contribution from his fellow joint tortfeasors. This was so, if unintentional wrongs were involved, even before the adoption of the Uniform Contribution Among Tortfeasors Act of July 19, 1951, P. L. 1130, 12 PS §2082 et seq., and its legislative predecessor, the Act of June 24, 1939, P. L. 1075, §1, 12 PS §2081. See *Goldman v. Mitchell-*

*Fletcher Co.,* 292 Pa. 354, 141 Atl. 231 (1928) ; 8 P.L.E., Contribution, §4. It is not a recovery for the tort, but rather it is the enforcement of an equitable duty to share liability for the wrong done by both: *Puller v. Puller,* 380 Pa. 219, 110 A. 2d 175 (1955). " 'The doctrine of contribution rests on the principle that, when the parties stand in aequali jure, the law requires equality, which is equity, and one of them shall not be obliged to bear a common burden in ease of the rest' ": *Parker v. Rodgers,* 125 Pa. Superior Ct. 48, 51, 189 Atl. 693 (1937). See also, *Brown Equip. R. Corp. v. Dickey,* 397 Pa. 454, 155 A. 2d 836 (1959).

Where a judgment is recovered against *one of two parties* guilty of joint negligence, such party, on paying the judgment has a right to have the judgment marked to his use, so as to enforce contribution by way of subrogation, or he may elect to seek recovery of a proportionate amount of the judgment in an independent action: *Puller v. Puller,* supra, and cases cited therein. But, we don't think that the entry of judgment is the exclusive and absolute foundation of the right to seek contribution.

Sections 1 and 2 of the Act of 1951, supra, provides: "§1. For the purpose of this act, the term 'joint tortfeasors' means two or more persons jointly or severally liable in tort for the same injury to persons or property, whether or not judgment has been recovered against all or some of them.

"§2. (1) The right of contribution exists among joint tortfeasors; (2) A joint tortfeasor is not entitled to a money judgment for contribution until he has by payment discharged the common liability or has paid more than his pro rata share thereof; (3) A joint tortfeasor who enters into a settlement with the injured person is not entitled to recover contribution from another joint tortfeasor whose liability to the injured person is not extinguished by the settlement."

Section 1 pointedly states, "whether *or not* judgment has been recovered against all or some of them."[1] This language indicates the legislative intent that the entry of a judgment is not imperative and vital. In addition, a reading of the act signifies *that only two conditions* must exist before the right of contribution arises, namely, (1) that one joint tortfeasor has discharged the common liability or paid more than his pro rata share; (2) that the liability of the other joint tortfeasor to the injured persons has been extinguished by the settlement. Both of these conditions have been met in this case.

The primary purpose of the Uniform Contribution Among Tortfeasors Act was to establish generally the existence of the right of contribution among joint tortfeasors and to provide the procedure whereby that right might be made effective in practice. See, *Baltimore Transit Co. v. State, to use of Schriefer,* 183 Md. 674, 39 A. 2d 858 (1944) and *Hackett v. Hyson,* 72 R. I. 132, 48 A. 2d 353 (1946). It was designed to effectuate a just result for all parties involved without undue delay and to stimulate and permit settlements of valid claims without expensive and time-consuming litigation. We note the following significant comment in Section 2(3) by the Commissioners of the Act (Note, 9 U. L. A. 236): "Nobody would deny that payment of an injured person's claim by one of the tortfeasors, *pursuant to a settlement instead of after judgment in a lawsuit,* should entitle the paying tortfeasor to recover contribution to his payment from other joint tortfeasors."

Nor will the appellee or other joint tortfeasors who will be called upon to discharge their equitable responsibilities be prejudiced by the fact that judgment has not first been entered in favor of the injured party.

---

[1] Emphasis throughout, ours.

They will still have their day in court with full opportunity to defend *against liability and the reasonableness* of the amount paid in settlement of the existing claim.[2]  On the other hand, if the position asserted by the appellee is sustained, substantial prejudice would result to well-intending individuals wishing to right their wrongs as quickly and as fairly as possible.  The uniform Act intends that a case involving joint tortfeasors may be fully heard on the merits, without regard to the position of any of the parties as original defendants or otherwise.  See, *Brotman v. McNamara,* 181 Md. 224, 29 A. 2d 264 (1942).

The judgment of the lower court affirmed by the Superior Court is reversed with a procedendo.

[2] Cf. Restatement, Restitution §86, comment d.