482 A.2d 1049

John J. CIANFRANI and Mary D. Cianfrani,
H/W, Appellants,

v.

JOHNS-MANVILLE CORPORATION; Johns-Manville Sales
Corporation; Raybestos-Manhattan, Inc.; Owens-Corning Fi-
berglas Corporation; Forty-Eight Insulation, Inc.; Nicolet
Industries, Inc.; Pittsburgh Corning Corporation; GAF Cor-
poration; Celotex Corporation; Armstrong Cork Corporation;
Unarco Industries, Inc.; H.K. Porter, Inc.; Southern Asbestos
Company; J.P. Stevens, Inc.; Eagle-Picher Industries, Inc.;
Delaware Asbestos & Rubber Co.; Pacor, Inc.; Fibreboard
Corporation; Keene Corporation, Amatex Corporation, Gar-
lock, Inc.

Superior Court of Pennsylvania.

Argued July 11, 1984.

Filed Oct. 5, 1984.

Petition for Allowance of Appeal Denied March 4, 1985.

1

2

Marc P. Weingarten, Philadelphia, for appellants.

Joseph W. McGuire, Philadelphia, for appellees.

Before WIEAND, OLSZEWSKI and POPOVICH, JJ.

## OPINION

OLSZEWSKI, Judge:

This appeal follows the entry of summary judgment, due to expiration of the statute of limitations, against appellant's action for damages resulting from asbestos exposure.

Appellants filed a complaint in trespass and assumpsit in 1977, alleging damages arising from Mr. Cianfrani's exposure to asbestos while a pipefitter at the Philadelphia Naval Shipyard. The complaint named Johns-Manville Corporation and numerous other defendants, all engaged in the manufacture or supply of asbestos products. Further, the complaint alleged that Mr. Cianfrani came in contact with asbestos as he worked on ships both in dry dock and on the navigable waters of the United States.

Appellees answered the complaint and filed motions for summary judgment alleging that appellants were barred from bringing their action by the applicable statute of limitations. 42 Pa.C.S. § 5524(2)(1976). By Opinion and Order of July 13, 1979, the motions of several defendants were granted. On October 31, 1979 and December 6, 1979, the motions of the remaining defendants were granted. The three orders are consolidated, upon appellants' petition, before this court.

Two issues are raised before us. First, appellant argues that the lower court erred in granting summary judgment, finding no genuine issue of material fact as to when Mr. Cianfrani discovered his injury. We disagree.

A ruling on a motion for summary judgment "shall be rendered if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any

material fact and that the moving party is entitled to a judgment as a matter of law." Pa.R.C.P., Rule 1035(b), 42 Pa.C.S. On appeal, the Superior Court need only determine whether there is a genuine issue of triable fact. *Mattia v. Employers Mutual Companies*, 294 Pa.Super. 577, 440 A.2d 616 (1982).

Appellants argue that there exists a genuine issue as to when he discovered that he had an actionable claim, asserting that he did not discover the operative cause of his injury until 1977. The lower court found that by October, 1973 Mr. Cianfrani knew he had asbestosis, knew that the operative cause of the injury was inhalation of asbestos dust and fibres, and knew the causal connection between his injury and his exposure to asbestos at work. Under the lower court's analysis, the statute of limitations had run by October, 1975. Lower court opinion at 8.

We agree with the lower court's analysis. Further, summary judgment was properly granted under the discovery rule enunciated in our recent decision in *Cathcart v. Keene Industrial Insulation*, 324 Pa.Super. 123, 471 A.2d 493 (1984). In *Cathcart* we simplified our analysis of the discovery rule in "creeping disease" cases by holding that the statute of limitations begins to run when the plaintiff knows, or reasonably should know, that he has been injured and that his injury has been caused by another party's conduct.[1]

Appellants' claim is barred by the statute of limitations under both the *Cathcart* test and the test applied by the lower court.[2] The court below found as fact that Mr. Cianfrani's affliction was first noted as "asbestos exposure" in a July 25, 1973 x-ray report by a Philadelphia Naval Shipyard Dispensary doctor. Mr. Cianfrani's personal physician informed him on August 14, 1973 that "something" on his lung was caused by asbestos dust. By letter

1. The court viewed the test as more workable than rules relied on in *Volpe v. Johns-Manville Corp.*, 323 Pa.Super. 130, 470 A.2d 164 (1983) and *Staiano v. Johns-Manville Corp.*, 304 Pa.Super. 280, 450 A.2d 681 (1982).

2. *See Volpe v. Johns-Manville Corp.*, 4 P.C.R. 290 (1980).

dated October 11, 1973, a pulmonary specialist reported that Mr. Cianfrani suffered from pulmonary asbestosis with pleural involvement. Mr. Cianfrani was informed of this diagnosis. Further, in answer to an interrogatory, Mr. Cianfrani admitted that he was "advised of asbestosis" in August, 1973. Finally, on August 27, 1973, Mr. Cianfrani filed a "Federal Employees Notice of Injury and Occupational Disease" report, in which he described his injury as "asbestosis" caused by "working around asbestos." Lower court opinion at 5–6. There is no material issue of fact whether, in October, 1973, Mr. Cianfrani knew of his injury, the cause of his injury, and the relationship of his injury to his employment. The statute of limitations ran by October, 1975, two years before summary judgment was properly granted.

Appellants' second argument is that the lower court erred in refusing to apply admiralty law and the doctrine of laches. We hold that admiralty law is inapplicable to the facts of this case.

■ In *Volpe v. Johns-Manville Corp.*, 323 Pa.Super. 130, 470 A.2d 164 (1983), this court held that admiralty jurisdiction did not lie for a civilian welder who contracted asbestosis in the course of his work at the Philadelphia Naval Shipyard. We applied the two-pronged test defined by *Executive Jet Aviation, Inc. v. City of Cleveland,* 409 U.S. 249, 93 S.Ct. 493, 34 L.Ed.2d 454 (1972) and found that the welder who worked on ships in dry dock and on navigable waters satisfied the locality requirement of the test; nevertheless, welding was not found to be a traditional maritime activity requiring the special solicitudes of admiralty law. In the instant case, appellants have advanced no arguments to distinguish Mr. Cianfrani, as a navy yard pipefitter, from a navy yard welder. Neither worker faced a peril created by any hazard of the sea. *See* 323 Pa.Super. at 140–141, 470 A.2d at 168.

■ Appellants argue that our court is bound by the decision in *White v. Johns-Manville Corp.*, 662 F.2d 234

(4th Cir.1981), *cert. denied* 454 U.S. 1163, 102 S.Ct. 1037, 71 L.Ed.2d 319 (1982). This assertion is simply wrong. In the absence of a ruling on the question by the United States Supreme Court, the decision of a federal intermediate appellate panel is not binding on Pennsylvania courts. *Breckline v. Metropolitan Life Insurance Co.*, 406 Pa. 573, 178 A.2d 748 (1962). Indeed, *Volpe* explicitly declined to follow the Fourth Circuit in *White*, and instead was guided by the First and Ninth Circuit Courts of Appeals denying admiralty jurisdiction. 323 Pa.Super. at 135–136, 470 A.2d at 167, *citing Austin v. Unarco*, 705 F.2d 1 (1st Cir.1983) and *Owens-Illinois, Inc. v. United States District Court*, 698 F.2d 967 (9th Cir.1983).

The Orders are affirmed.

POPOVICH, J., concurs in the result.