531 A.2d 789

Arthur J. MATTIA and Sandra Mattia, h/w

v.

SEARS, ROEBUCK & CO. and Shimano
American Corporation.

Appeal of SEARS, ROEBUCK & CO.

Superior Court of Pennsylvania.

Submitted June 24, 1985.

Filed Sept. 25, 1987.

506

Joseph T. Bodell, Jr., Philadelphia, for appellant.

Cheryl A. Furey, Philadelphia, for Mattia, appellees.

Frank A. Luchak, Philadelphia, for Shimano, appellee.

Before CIRILLO, President Judge, and McEWEN and TAMILIA, JJ.

CIRILLO, President Judge:

This case concerns a claim for contribution and indemnity by a retailer against a manufacturer for an allegedly defective bicycle which caused injury to the consumer-purchaser. In response to special interrogatories, the jury found that the retailer was negligent but that the product was not defective at the time it left the manufacturer's control. The trial court instructed the jury that it should consider whether the retailer was entitled to indemnity and contribution based on the law of strict liability. The retailer appealed the court's refusal to charge that similar relief should also be considered based upon a negligence theory.

The trial court stated that its decision had two basis: (1) the retailer's complaint failed to set forth sufficient facts to make out a claim for negligence; (2) the retailer failed to introduce evidence at trial to support such a claim.[1]

At common law, there was no right of contribution between joint tortfeasors. *See* Leflar, *Contribution and Indemnity Between Tortfeasors*, 81 U.Pa.L.Rev. 130 (1932). Even if two parties were equally responsible for the plaintiff's injury, one could be held liable for the entire loss while the other went scot free. *Id.* This inequitable result was universally criticized and eventually was changed via statute. *See* Prosser, *Law of Torts* 306–07 (4th ed. 1971); Uniform Contribution Among Tortfeasors Act, 42 Pa.C.S.A. §§ 8321–27.

---

**1.** Based on the discussion below, we need not address this second basis for the trial judge's decision. But we note that our independent review of the record demonstrates that the trial court was correct in its conclusion that appellant did not attempt to prove negligence at trial.

In Pennsylvania, the statute provides for a right of contribution among joint tortfeasors. 42 Pa.C.S.A. § 8324(a). Joint tortfeasors are defined as "two or more persons jointly or severally liable in tort for the same injury to persons or property...." *Id.* at 8322. Two actors are jointly liable for an injury if their conduct "causes a single harm which cannot be apportioned ... even though [the actors] may have acted independently." *Capone v. Donovan*, 332 Pa.Super. 185, 189, 480 A.2d 1249, 1251 (1984).

■ Under the Act, joint tortfeasors are entitled to contribution if they have paid more than their pro rata share of this common liability. 42 Pa.C.S.A. § 8324(b). Contribution is obtainable even if the two defendants are held liable based upon different theories of recovery. *Svetz For Svetz v. Land Tool Co.*, 355 Pa.Super. 230, 238, 513 A.2d 403, 407 (1986); *Rabatin v. Columbus Lines, Inc.*, 790 F.2d 22, 25 (3d Cir.1986).

In *Svetz*, a trustee ad litem sued in strict liability for damages arising from a fatal motorcycle accident on behalf of a decedent, alleging that a defective helmet had caused the death. The defendant-manufacturer joined as an additional defendant, the tavernkeeper who had allegedly served alcohol to the decedent prior to the accident, seeking contribution based upon negligence. The trial court dismissed the complaint for contribution, ruling that such a claim does not lie if the theory of recovery differs from the underlying theory of the case. The Superior Court reversed, holding that a defendant held liable based upon strict liability may be entitled to contribution from a negligent third party. The court stated that "the doctrine of contribution is based on equity. Therefore, the Act must be examined with equity in mind." *Svetz*, 355 Pa.Super. at 237, 513 A.2d at 407. The court then stated: "It matters not on which theory a tortfeasor has been held responsible for the tort committed against the plaintiff. So long as the party seeking contribution has paid in excess of his or her share of liability, it would be inequitable under the Act to deny that party's right to contribution from a second tort-

feasor who also contributed to the plaintiff's injury." *Id.,* 355 Pa.Superior Ct. at 238, 513 A.2d at 407.

Thus, the equitable obligation of contribution may be asserted where: (1) the parties combined to produce the plaintiff's injury; (2) the parties are each liable in tort to the plaintiff; and (3) a tortfeasor has discharged the common liability by paying more than his pro rata share.

The right of contribution may be asserted during the original proceeding via joinder of a third-party defendant. *See* Pa.R.Civ.P. 2252. Or it may be pursued in a separate action brought by a tortfeasor who has previously been held liable to the original plaintiff. *National Liberty Life Ins. Co. v. Kling Partnership,* 350 Pa.Super. 524, 535, 504 A.2d 1273, 1279 (1986). In the latter instance, the party seeking contribution must stand in the shoes of that original plaintiff and prove that the new defendant was a joint tortfeasor in that his tortious conduct also caused the harm at issue.

Nor does it matter if the statute of limitations on the underlying claim has run so that the plaintiff would be unable to sue the third-party defendant. In a claim for contribution, the statute does not begin to run until the time judgment is entered in favor of the original plaintiff. *Hughes v. Pron,* 286 Pa.Super. 419, 426, 429 A.2d 9, 12 (1981).

Whether the third-party defendant is brought into the original action or later sued in a separate proceeding, a complaint based upon contribution must conform to the applicable Rules of Civil Procedure. In the complaint, the original defendant must plead sufficient facts to sustain a cause of action against the new defendant. *General State Auth. v. Sutter Co.,* 44 Pa.Commw. 156, 161, 403 A.2d 1022, 1025 (1979). *See* Pa.R.Civ.P. 1019(a). They may not rely on bald assertions but must plead the material facts necessary to establish their claim. *Id.* at 160, 403 A.2d at 1024.

■ At trial, the plaintiff is not entitled to insist on a jury instruction on any claim which has not been properly pleaded. *Heymann v. Electric Service Manufacturing Co.,* 412 Pa. 338, 345, 194 A.2d 429, 432 (1963); *Srednich v. Sylak,* 343 Pa,. 486, 490, 23 A.2d 333, 335 (1942); *Berry v. Friday,* 324 Pa.Super. 499, 504, 472 A.2d 191, 193 (1984); *Hrivnak v. Perrone,* 231 Pa.Super. 151, 154, 331 A.2d 507, 508 (1974); *Perigo v. Deegan,* 288 Pa.Super. 93, 98, 431 A.2d 303, 305 (1981); *Bucchianeri v. Equitable Gas Co.,* 341 Pa.Super. 319, 327, 491 A.2d 835, 839 (1985).

■ In this case, appellant's third party complaint contains insufficient facts to hold appellee liable in negligence. The complaint is dotted with labels such as "negligent" and "defective" but nowhere are the requisite facts pled. Appellant does not even allude to the factual basis for its claim that the product was negligently manufactured. Due to this inadequacy, appellant's third party complaint did not set forth a claim for negligence and thus, it was not entitled to a jury instruction on that cause of action.

Appellants also claim that the appellees were liable over to them based upon indemnification. Indemnity shifts the entire loss from one defendant to another. *Burch v. Sears Roebuck and Co.,* 320 Pa.Super. 444, 456, 467 A.2d 615, 622 (1983). It is "recognized in cases where community opinion would consider that in justice the responsibility should rest upon one (defendant) rather than the other." *Id.,* 320 Pa.Superior Ct. at 457, 467 A.2d at 622. In the usual case, "indemnity is available to those who are secondarily or vicariously liable from those who are primarily liable." *Svetz,* 355 Pa.Super. at 242, 513 A.2d at 410.

■ In this case, the jury made a specific determination that the product was not defective when it left the manufacturer's control. Thus, the manufacturer could not possibly be considered primarily liable.

Based on the foregoing, the Order of the Court of Common Pleas of Philadelphia is affirmed.