583 A.2d 1223

**Marcia OVIATT**

v.

**AUTOMATED ENTRANCE SYSTEM COMPANY, INC., Appellant,**

v.

**ST. MARGARET MEMORIAL HOSPITAL and Gyro Tech., Inc.**

Superior Court of Pennsylvania.

Submitted Sept. 19, 1990.

Filed Dec. 19, 1990.

494

W. Alan Torrance, Jr., Pittsburgh, for appellant.

Arnold D. Wilner, Pittsburgh, for Oviatt, appellee.

David M. McQuiston, Pittsburgh, for St. Margaret, appellee.

David A. Presser, Pittsburgh, for Gyro Tech., appellee.

Before CIRILLO, President Judge, and TAMILIA and HOFFMAN, JJ.

CIRILLO, President Judge.

This is an appeal from an order of the Court of Common Pleas of Allegheny County granting the motions for summary judgment of additional defendant-appellees, St. Margaret Memorial Hospital and Gyro Tech., Inc. We reverse.

This case arises from a personal injury claim filed by Marcia Oviatt against Automated Entrance Systems Compa-

ny, Inc. (hereinafter "Automated") for injuries that she received on August 21, 1986 while walking through automatic glass doors at St. Margaret Memorial Hospital.[1] Oviatt claimed that the doors closed on her before she was through them, and that this was the result of Automated's negligent installation.

On November 28, 1988, Automated joined St. Margaret Memorial Hospital and Gyro Tech., Inc. (hereinafter "additional defendants") as additional defendants. Gyro Tech., Inc. is the manufacturer of the electronic device that is designed to keep the automatic doors open until the individuals pass through them. St. Margaret Memorial Hospital controlled the facility where Oviatt was injured and allegedly failed to notify Automated of prior similar problems.

After the additional defendants were joined, Oviatt executed a release in favor of all defendants in the amount of $27,500.00.[2] Automated paid this sum to Oviatt. The release, which had the effect of discharging the liability of all parties who could have contributed to Oviatt's injury, has been defined under Pennsylvania law as a general release. *See Brosius v. Lewisburg Craft Fair*, 383 Pa.Super. 454, 557 A.2d 27 (1989). After executing the release, Oviatt could no longer proceed against the additional defendants as joint tortfeasors. *Brosius*, 383 Pa.Super. at 457, 557 A.2d at 29; *see also* 42 Pa.C.S. § 8326 ("A release by the injured person of one joint tort-feasor, whether before or after judgment, does not discharge the other tort-feasors *unless the release so provides....*").

1. Oviatt initiated her action by Writ of Summons on August 4, 1988 and filed her complaint, wherein she alleged negligence on the part of Automated, on November 9, 1988.

2. The release executed by Marcia Oviatt states, in pertinent part: [I] being of lawful age, hereby fully and forever release, acquit and discharge the said defendant and any and all other persons, firms, partnerships and corporations which are or might be claimed to be liable to me ... from any and all actions, causes of action, claims and demands of whatsoever kind or nature on account of any and all known and unknown injuries ... sustained or received on or about the 21st day of August, 1986.

The Honorable Maurice Louik, by his opinion and order of February 9, 1990, granted the additional defendants' motions for summary judgment. The court reasoned that under the Uniform Contribution Among Tort–Feasors Act, 42 Pa.C.S. §§ 8321–8327 (hereinafter "UCATA"), the liability of these parties to Oviatt was not extinguished by the settlement agreement between Automated and Oviatt, as section 8324(c) requires, because the additional defendants had already been relieved of liability to Oviatt by reason of the statute of limitations. 42 Pa.C.S. § 5524(2). Additionally, the trial court reasoned that because Automated voluntarily settled with Oviatt, it was therefore not entitled to contribution from the additional defendants.

In this action, Automated asks us to decide whether it is entitled to contribution from the additional defendants under the UCATA, where Oviatt's claims against the non-settling additional defendants were barred by the statute of limitations before settlement. A proper interpretation of the UCATA and related case law compels a holding that Automated is entitled to pursue a contribution claim against the additional defendants.

When reviewing an order granting a motion for summary judgment, our function is to determine whether there are any genuine issues of material fact, and additionally, whether the moving party is entitled to judgment as a matter of law. *Bobb v. Kraybill*, 354 Pa.Super. 361, 511 A.2d 1379, *allocatur denied*, 513 Pa. 633, 520 A.2d 1384 (1986); *Ciafrani v. Johns–Manville Corp.*, 334 Pa.Super. 1, 482 A.2d 1049 (1984); *Husak v. Berkel, Inc.*, 234 Pa.Super. 452, 341 A.2d 174 (1975); Pa.R.C.P. 1035. We have previously stated that "[t]o determine the absence of a genuine issue of material fact, we must view the evidence in the light most favorable to the non-moving party and any doubts must be resolved against the entry of judgment." *Bobb*, 354 Pa.Super. at 364, 511 A.2d at 1380. Moreover, we must "accept as true all well-pleaded facts in appellant's pleadings and give appellant the benefit of all reasonable inferences to be drawn therefrom." *Bobb*, 354 Pa.Super. at 364, 511 A.2d at

1380 (citing *Spain v. Vincente*, 315 Pa.Super. 135, 461 A.2d 833 (1983)).

In Pennsylvania, the right of contribution among joint tortfeasors is provided by statute. The UCATA defines joint tortfeasors as "two or more persons jointly or severally liable in tort for the same injury to persons or property, whether or not judgment has been recovered against all or some of them." 42 Pa.C.S. § 8322. Two parties may be jointly liable for an injury if their conduct "causes a single harm which cannot be apportioned ... even though [the actors] may have acted independently." *Mattia v. Sears, Roebuck & Co.*, 366 Pa.Super. 504, 507, 531 A.2d 789, 791 (1987) (quoting *Capone v. Donovan*, 332 Pa.Super. 185, 189, 480 A.2d 1249, 1251 (1984)).

Under the UCATA, joint tortfeasors are not entitled to contribution unless they have discharged the common liability by payment or paid more than their pro rata share of common liability. 42 Pa.C.S. § 8324(b). The UCATA also provides that a joint tortfeasor who settles with the original plaintiff is not entitled to seek contribution from another joint tortfeasor whose liability to the original plaintiff is not extinguished by the settlement. 42 Pa.C.S. § 8324(c).

We point out initially that the case law does not require that judgment be entered before the defendant may seek contribution from other joint tortfeasors. Rather, the only requirement is that one tortfeasor discharge the common liability of all joint tortfeasors by payment to the plaintiff. In the case of *Swartz v. Sunderland*, 403 Pa. 222, 169 A.2d 289 (1961), our supreme court expressly permitted an original defendant to seek contribution from an additional defendant after the original defendant had settled the claim with the injured party by securing a release of all claims against the original and additional defendants.

In *Swartz*, the court stated that the entry of judgment is not a prerequisite to or an "absolute foundation of the right to seek contribution." *Swartz*, 403 Pa. at 224, 169 A.2d at

290–91. Sections one and two of the Uniform Contribution Among Tort–Feasors Act, 12 P.S. § 2082 *et seq.* (repealed 1976) (hereinafter "Act"), are the legislative predecessors to, and are essentially the same as, sections 8322 and 8324 of the UCATA. The court noted that sections one and two of the Act make it clear that only two conditions must be met in order for a contribution claim to arise. According to the court, contribution arises where "one joint tort-feasor has discharged the common liability or paid more than his pro rata share ... [and] the liability of the other joint tort-feasor to the injured persons has been extinguished by the settlement." 403 Pa. at 224, 169 A.2d at 291. Justice Eagan, writing for a unanimous court, emphasized that the Act was "designed to effectuate a just result for all of the parties involved and to stimulate and permit settlements of valid claims without expensive and time consuming litigation." *Id.,* 403 Pa. at 225, 169 A.2d at 291. The court bolstered its interpretation of the Act by citing a comment by the Commissioners of the Act:

> Nobody would deny that payment of an injured person's claim by one of the tort-feasors, *pursuant to a settlement instead of after judgment in a lawsuit,* should entitle the paying tort-feasor to recover contribution to his payment from other joint-tortfeasors.

*Id.,* 403 Pa. at 225, 169 A.2d at 291 (citing Comment in section 2(3) by the Commissioners of the Act, (Note, 9 ULA 236) (emphasis in original)). Moreover, the court emphasized that the non-settling parties that are called upon to discharge their responsibilities will not be prejudiced because no court judgment has been entered in favor of the injured party. *Id.,* 403 Pa. at 225, 169 A.2d at 291. "They [non-settling parties] will still have their day in court with full opportunity to defend *against liability and the reasonableness of the amount paid in settlement* of the existing claim." *Id.,* 403 Pa. at 226, 169 A.2d at 291 (emphasis in original).

In the present case, the additional defendants argue that because settlement did not discharge their liability to Oviatt and because settlement was effected prior to the entry of

any judgment, no contribution rights arise in favor of Automated. We disagree.

The right of contribution may be asserted during the original proceeding, as Automated has done in the present case, via joinder of the additional defendants, *see* Pa.R.C.P. 2252, or it may be pursued in a separate action by an original defendant who has previously been held liable to the original plaintiff. *National Liberty Life Ins. Co. v. Kling Partnership*, 350 Pa.Super. 524, 504 A.2d 1273 (1986). "In the latter instance, the party seeking contribution must stand in the shoes of that original plaintiff and prove that the new defendant was a joint tortfeasor in that his tortious conduct also caused the harm at issue." *Mattia*, 366 Pa.Super. at 508, 531 A.2d at 791.

Automated may assert a contribution claim since it has satisfied the two statutory conditions that our supreme court outlined in *Swartz, supra*. Automated has discharged the common liability of itself and the potential liability of the additional defendants, and has also extinguished their potential liability to Oviatt by securing a general release from Oviatt. 42 Pa.C.S. § 8324(b), (c). Under the UCATA, Automated will be required to show that these additional defendants are joint tortfeasors. 42 Pa. C.S. § 8324(a).

Our reading of *Swartz* leads us to conclude that Automated is entitled to pursue its contribution claim against the additional defendants even though no judgment has been entered by the trial court. *Swartz* made it clear that joint-tortfeasors who voluntarily settle with the injured party retain contribution rights against other non-settling joint tortfeasors. Here, as in *Swartz*, the non-settling additional defendants will have the opportunity to defend against liability and the reasonableness of the amount which Automated paid to Oviatt in consideration of the general release. *Swartz*, 403 Pa. at 225, 169 A.2d at 291.[3]

3. In the case of *Charles v. Giant Eagle Markets,* 513 Pa. 474, 522 A.2d 1 (1987), our supreme court discussed the definition of "voluntary settlement" in the context of a contribution claim under the UCATA.

We also agree with Automated's assertion that the statute of limitations applicable to Oviatt's underlying claim against the additional defendants has no effect on Automated's ability to enforce a contribution claim against them. It is well settled that a joint tort-feasor's right to contribution is distinct from the original action. *Pa. Nat. Mut. Ins. v. Nicholson Const.*, 374 Pa.Super. 13, 542 A.2d 123, *alloc. denied*, 521 Pa. 605, 555 A.2d 116 (1988); *Svetz For Svetz v. Land Tool Co.*, 355 Pa.Super. 230, 513 A.2d 403 (1986); *Hughes v. Pron*, 286 Pa.Super. 419, 429 A.2d 9 (1983).

In *Svetz*, we discussed the rights and obligations of defendants and the basic rationale underlying the UCATA. We noted that "contribution is not a recovery for the tort [committed against the plaintiff,] but the enforcement of an equitable duty to share liability for the wrong done." *Id.*, 355 Pa.Superior Ct. at 238, 513 A.2d at 407. Of particular significance to this action is our observation that "[a] claim

In their briefs, the additional defendants direct our attention to Chief Justice Nix's observation that a settling tortfeasor who elects to pay consideration for a release enjoys no contribution rights. The Chief Justice stated that the settling tortfeasor would receive a "windfall" if he were permitted to assert contribution rights after discovering that he "overestimated the extent of his liability." *Id.*, 513 Pa. at 481, 522 A.2d at 4. While this language may be persuasive, the holding of *Charles* related only to the effect of a joint tortfeasor's overpayment of its share on the right of contribution between settling and non-settling defendants.

In *Charles*, unlike the case before us, a settling tortfeasor paid in excess of its share of the verdict as subsequently determined by a jury. The non-settling tortfeasor took the position that the verdict against it should have been reduced by the amount that the settling tortfeasor had paid in excess of its share of the verdict. Our supreme court rejected this argument and concluded, "where a release has been executed, the verdict is reduced only by the proportionate share of the settling tortfeasor. The actual amount of the release, if it exceeds this sum, is of no consequence in the satisfaction of the judgment of the remaining defendants." *Id.*, 513 Pa. at 479, 522 A.2d at 3. The reasoning in the *Charles* opinion is therefore inapplicable to this action because the general release discharged all defendants from liability to Oviatt, while in *Charles* only the original defendant was released by the plaintiff. *See also Svetz For Svetz v. Land Tool Company*, 355 Pa.Super. 230, 238, 513 A.2d 403, 407 (1986) ("tort-feasor's right to receive contribution from a joint tortfeasor derives not from his liability to plaintiff, but rather from the equitable principle that once the joint liability of several tortfeasors has been determined, it would be unfair to impose the financial burden of the plaintiff's loss on one tortfeasor to the exclusion of the other.")

for contribution is separate and distinct from [the] underlying tort; the *rights and obligations of the defendants flow not from the tort, but from the judgment or settlement itself.*" *Id.,* 355 Pa.Superior Ct. at 238, 513 A.2d at 407 (emphasis added) (citing *Coniaris v. Vail Associates, Inc.,* 196 Colo. 392, 586 P.2d 224 (1978)). It follows, therefore, that the running of the statute of limitations on the underlying tort claim does not preclude a defendant from pursuing a contribution action. *Shaw v. Megargee,* 307 Pa. 447, 161 A. 546 (1932) (recognizing rule).

In the case of *Hughes v. Pron,* 286 Pa.Super. 419, 429 A.2d 9 (1981), this court made it clear that the statute of limitations in the underlying tort action has no effect upon a defendant's contribution rights. *Hughes* involved a contribution claim against a developer for negligent construction of a home. Mr. and Mrs. Hughes, who were joint owners of a piece of property, brought suit against the Prons, because the Prons had mistakenly erected a house on the Hughes' property. The Prons joined Yamulla Trucking and Excavating Co., ("Yamulla") a developer, as an additional defendant, alleging that the house was mistakenly built upon the Hughes' property because of Yamulla's negligence.[4] We held that the trial court had improperly refused Yamulla's motion to amend its answer to include the statute of limitations as a defense to the Prons' complaint.[5] Nonetheless, we noted that even if Yamulla had been permitted to assert the statute of limitations as a defense, this would not have prevented the Prons from asserting a contribution claim. Yamulla, one of the additional defendants, theorized that its negligence occurred, if at all, when the Prons first discovered that their house was erected on the wrong lot. There-

---

**4.** Yamulla demanded a jury trial and joined the building contractor, averring that it was the contractor's negligence that caused the errant construction.

**5.** Yamulla had moved for summary judgment and requested leave under Pa.R.C.P. 1033 to file an amended answer to the Prons' complaint so that it could plead the statute of limitations. The trial court refused Yamulla's motion to amend the answer on the ground that the statute of limitations defense would have been meritless. We held that this was an improper basis upon which to deny Yamulla's petition. 286 Pa.Super. at 423, 429 A.2d at 11.

fore, Yamulla argued, it could not be liable because the statute of limitations had expired by the time the suit was filed. We rejected Yamulla's theory and stated:

> Appellant, [Yamulla], however, has misconstrued his status as an additional defendant in this litigation. While the plaintiffs herein, Robert and Anne Hughes, may have been barred by the statute from bringing suit against appellant, this had no effect upon the Prons' ability to join appellant as an additional defendant: "The fact that the statute of limitations will bar the plaintiff from a direct recovery against the additional defendant can have no effect on the defendant's right to enforce his claim of contribution or indemnity ..."

286 Pa.Super. at 426, 429 A.2d at 12 (citing Goodrich–Amram Rules of Civil Procedure, Comments on Rule 2252(a)–9) (quotation marks and additional citations omitted).

Here, the trial court reasoned that because the statute of limitations in Oviatt's claim against the additional defendants had expired, this had the effect of precluding Automated from asserting a contribution claim under the UCATA. According to the trial court's rationale, the additional defendants' liability to Oviatt could not have been extinguished by the general release, as section 8324(c) requires, because it had already been extinguished by expiration of the statute of limitations in Oviatt's direct claim against the additional defendants. 42 Pa.C.S. § 5524(2). This construction of the UCATA, however, does not comport with the principle that a tortfeasor's right to contribution is distinct from the underlying tort action. *See Nicholson, Svetz, Hughes, supra.*

In this action, as in *Svetz*, the rights and obligations of the defendants [Automated, Gyro and St. Margaret] flow not from the tort, but from the general release that Oviatt executed in favor of Automated and "all other persons, firms, partnerships, and corporations which ... [may be] liable to [Oviatt]." General Release, *supra*, note 2. Since the rights and obligations of defendants in a contribution action "do not flow from the tort," it necessarily follows

that the statute of limitations applicable to the plaintiff's underlying tort claim cannot relieve additional defendants from contribution claims. *Shaw, Hughes, Svetz, supra.*[6]

**6.** The rationale for this general rule is that otherwise an injured party could foreclose a tortfeasor's right to contribution by waiting to bring his action until just before expiration of the statute of limitations on his claim. Annotation, *When Statute of Limitations Commences to Run Against Claim for Contribution or Indemnity Based on Tort,* 57 A.L.R.3d 867, § 3, at 875–877 (1989). The defendant's right of contribution, a doctrine based upon principles of fairness, could be frustrated by such a plaintiff. *Id.* Here, Oviatt, who was injured on August 21, 1986, did not initiate her action against Automated by Writ of Summons until August 4, 1988. This was little more than two weeks before the two-year statute of limitations would have barred her claim. Moreover, Oviatt filed her complaint asserting negligence on the part of Automated on November 9, 1988. Therefore, Automated did not receive notice of Oviatt's allegation that it had negligently installed the automatic doors at St. Margaret Memorial Hospital until more than two months after the statute of limitations had expired in any claim that Oviatt had against the additional defendants. Consequently, Automated could not have joined the additional defendants before the statute of limitations had expired on August 21, 1988. If we were to adopt the additional defendants' interpretation of the UCATA, Oviatt, by her unilateral actions, could elect where to place the burden of a potentially common fault. Oviatt's failure to commence an action against Automated until her claim had almost expired would have the effect of insulating the additional defendants from sharing the burden of Oviatt's loss with Automated. We will not countenance an injustice of this nature.

The additional defendants have made no allegation that they have been improperly brought into this action under the applicable rules of civil procedure. *See* Pa.R.C.P. 2251–2275 (relating to "Joinder of Additional Defendants"). Rule 2252 states in pertinent part:

(a) Except as provided by Rule 1706.1 (relating to the three bases of joinder applicable in class action suits), any defendant or additional defendant may join as an additional defendant any person, whether or not a party to the action, who may be

(1) solely liable on the plaintiff's cause of action, or

(2) liable over to the joining party on the plaintiff's cause of action, or

(3) jointly or severally liable with the joining party on the plaintiff's cause of action, or

\*      \*      \*      \*      \*      \*

Pa.R.C.P. 2252.

If the statute of limitations prevents a direct suit by a plaintiff against an additional defendant, joinder of the additional defendant is improper on the ground that he is alone liable to the plaintiff. Goodrich–Amram 2d, Standard Pennsylvania Practice, § 2252(a):9, at 58 (hereinafter "Goodrich–Amram"). However, where an original defendant joins an additional defendant on alternative theories of sole liability and liability over, the fact that the statute of limitations may bar a claim based on sole liability will not defeat the joinder; the

This court has also stated that the UCATA must be read with equity in mind. *Mattia,* 366 Pa.Super. at 507, 531 A.2d at 791. Automated's right to assert a contribution claim against the additional defendants derives from the equitable principle that it would be unfair to impose the burden of Oviatt's loss on Automated to the exclusion of the additional defendants. *Svetz, supra.* Of course, as we have stated in the above discussion, the additional defendants will have the opportunity to prove that they did not contribute to Oviatt's injuries. *Swartz,* 403 Pa. at 225, 169 A.2d at 291. If successful, Automated's contribution claim will fail.

For the above reasons, we conclude that the additional defendants, the moving parties in this action, are not entitled to judgment as a matter of law.

Summary judgment in favor of the additional defendants is reversed and the case is remanded for further proceedings. Jurisdiction relinquished.

---

claim over remains viable. *Hughes, supra; Dickson v. Lewandowski,* 228 Pa.Super. 57, 323 A.2d 169 (1974).

Here, after Oviatt served Automated with her complaint, Automated filed a timely complaint to join the additional defendants on November 28, 1988. *See* Pa.R.C.P. 2253 ("... neither praecipe for a writ to join an additional defendant nor a complaint if the joinder is commenced by a complaint, shall be filed by the original defendant ... later than sixty days after the service upon the original defendant of the initial pleading of the plaintiff ..."). In its complaint, Automated averred that the additional defendants are alone liable to Oviatt or, in the alternative, are liable over to Automated upon principles of contribution and/or indemnity. Automated further stated that St. Margaret Memorial Hospital is alone liable to Oviatt or, in the alternative, liable jointly and severally with Automated and Gyro Tech, Inc. Since Automated has stated alternative theories of recovery in its pleadings, it has therefore properly joined the additional defendants. *See* Pa.R.C.P. 2252 & 2253; *Hughes, supra; Dickson, supra;* Goodrich–Amram, *supra.*