618 A.2d 1044

Richard P. KOVALESKY, Appellant

v.

GIANT RUG MARKET and Giant Floor & Wall Covering of Hazleton, Inc., and Robert C. Laughlin, Appellees.

Superior Court of Pennsylvania.

Argued Sept. 11, 1992.

Filed Jan. 11, 1993.

George A. Marinelli, Philadelphia, for appellant.

Frank L. Tamulonis, Jr., Pottsville, for Giant Rug Market, appellee.

Joseph A. McKenna, Pottsville, for Laughlin, appellee.

Before ROWLEY, President Judge, and WIEAND and HUDOCK, JJ.

WIEAND, Judge:

In this action, which he elected to call an action for contribution, Richard P. Kovalesky sought to recover damages from Giant Rug Market, Giant Floor & Wall Covering of Hazleton, Inc. and Robert C. Laughlin for injuries caused by a slip and fall on a pool deck. The trial court held that Kovalesky was not entitled to contribution and entered judgment on the pleadings in favor of the defendants. Kovalesky appealed. We affirm.

In June, 1982, Kovalesky slipped and fell on artificial, plastic grass on a pool deck owned by Donald E. Cerene and Lawrence L. Becker. He commenced an action for damages against Cerene and Becker and also against Esther Williams Swimming Pools and Aluminum Shapes, Inc. Cerene and Becker attempted to join Laughlin as an additional defendant,

but the joinder was disallowed because it was untimely. The Superior Court affirmed. *Kovalesky v. Esther Williams Swimming Pools,* 345 Pa.Super. 95, 497 A.2d 661 (1985).

The action was settled on June 23, 1986. In exchange for the sum of fifty thousand ($50,000) dollars, Kovalesky executed and delivered a joint tortfeasor's release to Esther Williams Swimming Pools. Kovalesky also received from Cerene and Becker the sum of one hundred thousand ($100,000) dollars and an assignment of their rights to contribution against Laughlin and Giant Floor & Wall Covering. Pursuant to the terms of their agreement, Kovalesky was to try his claim for damages in order to obtain a verdict for damages. In a subsequent bench trial, the court assessed Kovalesky's damages at $1,540,829.80. This was increased to $1,989,238.17 after the addition of damages for delay.

In February, 1988, Kovalesky, as the assignee of Cerene and Becker, filed a complaint seeking to recover contribution. Laughlin and Giant Floor & Wall Covering filed a motion for judgment on the pleadings in which they contended that there could be no contribution because their liability had not been extinguished by the settlement which Kovalesky had effected with Cerene and Becker. The trial court agreed and entered judgment on the pleadings in favor of the defendants.

■ The right of contribution among joint tortfeasors is governed by the Uniform Contribution Among Tortfeasors Act, 42 Pa.C.S. § 8321, et seq. The Act defines joint tortfeasors as "two or more persons jointly or severally liable in tort for the same injury to persons or property, whether or not judgment has been recovered against all or some of them." 42 Pa.C.S. § 8322. Two parties may be jointly liable for an injury if their conduct "causes a single harm which cannot be apportioned ... even though [the actors] may have acted independently." *Mattia v. Sears, Roebuck & Co.,* 366 Pa.Super. 504, 507, 531 A.2d 789, 791 (1987), quoting *Capone v. Donovan,* 332 Pa.Super. 185, 189, 480 A.2d 1249, 1251 (1984).

■ As a general rule, the right of contribution exists among joint tortfeasors. 42 Pa.C.S. § 8324(a). However,

joint tortfeasors are not entitled to contribution unless they have discharged the common liability or paid more than their pro rata share of common liability. 42 Pa.C.S. § 8324(b). The Act provides, in addition, that joint tortfeasors who enter into a settlement with the original plaintiff are *"not entitled to recover contribution from another joint tort-feasor whose liability to the injured person is not extinguished by the settlement."* 42 Pa.C.S. § 8324(c) (emphasis added). Thus, the Supreme Court, in *Swartz v. Sunderland,* 403 Pa. 222, 169 A.2d 289 (1961), set forth two conditions which must be met in order that a valid claim for contribution arise. The Court said:

> "[The] right of contribution arises [where] one joint tort-feasor has discharged the common liability or paid more than his prorata share ... [and] the liability of the other joint tort-feasor to the injured persons has been extinguished by the settlement."

*Id.* at 225, 169 A.2d at 291. See also: *Oviatt v. Automated Entrance System Co., Inc.,* 400 Pa.Super. 493, 498, 583 A.2d 1223, 1226 (1990).

In *Swartz v. Sunderland, supra,* a joint tortfeasor had settled with the original plaintiff before the entry of suit and had obtained a release of all claims *against both tortfeasors. Id.* at 223, 169 A.2d at 290. The settling tortfeasor then instituted an action for contribution against the non-settling tortfeasor for one-half of the amount paid in settlement. The court held that the right of contribution existed because (1) the settling party had discharged the common liability and because (2) the liability of the non-settling party to the original plaintiff had been extinguished. *Id.* at 225, 169 A.2d at 291.

Similarly, in *Oviatt v. Automated Entrance System, supra,* the original plaintiff in a personal injury action had executed a release *in favor of all the defendants. Id.* 400 Pa.Super. at 495, 583 A.2d at 1224. The language of the release explicitly discharged "the said defendant and any and all other persons, firms, partnerships and corporations which are or might be claimed to be liable to me ... from any and all actions, causes

of action, claims and demands of whatsoever kind or nature."
*Id.* at 495 n. 2, 583 A.2d at 1224 n. 2. The Superior Court held
that the settling defendant was entitled to contribution against
the non-settling defendants because it had satisfied the Uni-
form Act "by securing a general release from [the plaintiff]."
*Id.* at 499, 583 A.2d at 1226.

Most recently, the Commonwealth Court had the opportuni-
ty to examine section 8324 of the Uniform Act. In *Schuman
v. Vitale,* 144 Pa.Commw. 560, 602 A.2d 390 (1992), a settling
defendant had attempted to pursue a claim against another
settling defendant, PennDOT, on a theory of contribution.
The defendants had settled with the original plaintiff via two
separate releases. Because the release of the claimant had
not extinguished the liability of PennDOT, the court held that
the defendants had no right of contribution against PennDOT
under Section 8324(c). *Id.* at 565, 602 A.2d at 393.

 In the instant case, Kovalesky's settlement with
Cerene and Becker did not extinguish the liability of Laughlin
and Giant Floor & Wall Covering. On the contrary, the
settling parties not only acted to preserve the liability of
Laughlin and Giant Floor & Wall Covering but actually con-
spired to subject them to a liability in excess of the amount
paid in settlement. Under such circumstances, the Uniform
Act does not permit a recovery for contribution. Moreover,
and in any event, a court should not allow the parties, under
the guise of an action for contribution, to use legal process to
effect a recovery against a third person in excess of its pro
rata share of the amount paid in settlement by the settling
defendant. The trial court recognized the impropriety of
Kovalesky's action against Laughlin and Giant Floor & Wall
Covering and properly entered judgment on the pleadings
against the claimant.

Judgment affirmed.