J-A18043-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| THE SENATE ENGINEERING CO., | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KU RESOURCES, INC. | : | No. 267 WDA 2019 |

Appeal from the Order Entered January 17, 2019
in the Court of Common Pleas of Armstrong County
Civil Division at No(s): 2017-1319

BEFORE: BOWES, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: **FILED NOVEMBER 19, 2019**

The Senate Engineering Co. ("Senate"), appeals from the Order dismissing its Complaint (the "2018 Complaint"), and granting the Preliminary Objections filed by KU Resources, Inc. ("KU"). We affirm.

Senate provides engineering design, project management, and related engineering services to clients. KU is a geotechnical engineering firm. In July 2012, Senate entered into a contract with the Armstrong County Industrial Development Authority ("ACIDA"). Senate agreed to provide engineering services and designs for the construction of four new "pad sites" (hereinafter, "the Project"), in an industrial park in Armstrong County, owned by ACIDA.

Prior to entering into this contract, Senate retained KU to provide geotechnical investigation and consultation services concerning the Project

(hereinafter referred to as the "Senate/KU Contract").[1]  After KU submitted a geotechnical report ("the KU Report") to Senate in September 2012, Senate provided ACIDA with plans and designs for the Project.[2]  ACIDA then publicly sought bids from construction companies that could complete the Project.  The chosen bidder was Hoffman Construction Services, LLC ("Hoffman").

Hoffman began work on the Project in 2013, which included earthwork, grading, and grass seeding.  Hoffman completed construction in September 2014.  However, it eventually became apparent that the seed was not growing well, which caused damage to the slopes.  Senate alleged in its 2018 Complaint that if these problems do exist, they were attributable to the Project's slopes being constructed too steep, per KU's recommendation.

Importantly to this appeal, Senate's instant action was preceded by an action that Hoffman brought against Senate and ACIDA concerning the Project (hereinafter, the "2014 action").[3]  In sum, Hoffman pled that it had suffered damages due to negligent engineering designs concerning the overly-steep grade of the Project's slopes.

---

[1] Specifically, Senate asked KU to investigate any limitations to the Project site development due to any subsurface issues that may be present, and provide a geotechnical report of the site conditions to allow for proper project design by Senate.

[2] Senate averred that these plans/designs were based, in part, upon the KU Report.

[3] Hoffman did not name KU as a defendant in the 2014 action.

In response to the 2014 action, in August 2015, ACIDA filed an Answer, New Matter, and a Cross-Claim against Senate. In the Cross-Claim, ACIDA asserted professional negligence, breach of contract, and indemnification from Hoffman's claims.

Notably to this appeal, in November 2016, Senate filed a "Complaint to Join Additional Defendant, KU []" (the "Complaint to Join"), in the 2014 action. Therein, Senate asserted against KU claims of (1) negligence; and (2) indemnification, and asked the court to join KU with respect to the 2014 action. Concerning the indemnification cause of action, Senate averred that, in the Senate/KU Contract, KU expressly agreed to indemnify Senate concerning any losses/liabilities that Senate might incur, which arose out of any negligence or misconduct on the part of KU in performing its contracted services. In response, KU filed an Answer and New Matter in February 2017.

On March 14, 2018, Senate filed the 2018 Complaint against KU. Therein, Senate alleged the following causes of action: (1) professional negligence; (2) breach of contract; (3) common law indemnification; (4) contractual indemnification; and (5) contribution.

On October 22, 2018, KU filed Preliminary Objections to the 2018 Complaint. KU asserted, *inter alia*, that Senate's claims in the 2018 Complaint were duplicative of the claims that Senate had previously alleged against KU in the Complaint to Join, and must therefore be dismissed. Concerning Senate's claims in the 2018 Complaint for indemnification and contribution from KU, KU pointed out that the 2014 action is still pending, and no judgment

has been entered against Senate or any party.[4] Therefore, KU asserted, any claim for indemnification or contribution is premature.

After a hearing, the trial court granted KU's Preliminary Objections and dismissed the 2018 Complaint, by a Memorandum and Order entered on January 17, 2019. Therein, the trial court held that Senate's claims for indemnification and contribution from KU, in the 2018 Complaint, were premature and duplicative of the claims raised in the Complaint to Join. **See** Memorandum and Order, 1/17/19, at 3-4 (unnumbered). Additionally, the court held that Senate's claims of breach of contract and professional negligence constituted "nothing more than [] claim[s] for indemnity or contribution." **Id.** at 3 (unnumbered).

Senate filed a Notice of Appeal, which was entered on the docket on February 19, 2019.[5] Senate thereafter timely filed a court-ordered Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal.

Senate presents the following issues for our review:

1. Whether the trial court erred in failing to apply/strictly apply the pendency of the action test to Senate's claims for contractual indemnification, common law indemnification, and

---

[4] The trial court later confirmed this fact in its Memorandum and Order ruling upon the Preliminary Objections.

[5] We note that the thirtieth day upon which Senate had to file its appeal, *i.e.*, February 17, 2019, fell on a Sunday. **See** 1 Pa.C.S.A. § 1908 (extending the thirty-day deadline to first non-holiday weekday if the final date falls on a weekend or holiday); *see also* Pa.R.A.P. 903. Moreover, Monday, February 18, 2019, was a state and federal holiday. Therefore, Senate's Notice of Appeal, filed on February 19, 2019, is timely. **See** 1 Pa.C.S.A. § 1908.

- 4 -

professional negligence[,] or in otherwise determining [that] said claims are improper?

2. Whether Senate properly asserted a claim for contribution that is neither premature nor duplicative?

3. Whether Senate's causes of action for breach of contract and professional negligence are duplicative of indemnity and contribution claims?

Brief for Appellant at 4 (capitalization omitted).

We review a trial court's decision sustaining or overruling preliminary objections for an error of law. In so doing, we employ the same standard as the trial court, *to wit*, all material facts set forth in the [] Complaint and inferences reasonably drawn therefrom are admitted as true. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief.

***Knight v. Springfield Hyundai***, 81 A.3d 940, 947 (Pa. Super. 2013) (citations and quotation marks omitted).

As Senate's issues are related, we will address them together. Senate argues that the trial court erred in sustaining KU's Preliminary Objection to the 2018 Complaint, pertaining to the pendency of a prior action. **See** Brief for Appellant at 22-28.

Pennsylvania Rule of Civil Procedure 1028 provides that preliminary objections may be filed and sustained for, *inter alia*, the "pendency of a prior action …." Pa.R.C.P. 1028(a)(6). In order to successfully plead the defense of *lis pendens*, *i.e.*, the pendency of a prior action, it must be shown that (1) the prior case is the same; (2) the parties are the same; and (3) the relief requested is the same (hereinafter referred to as the "pendency of action

test"). ***Richner v. McCance***, 13 A.3 950, 957-58 (Pa. Super. 2011). The purpose of the *lis pendens* defense is to protect a defendant from harassment by having to defend several suits on the same cause of action at the same time. ***Crutchfield v. Eaton Corp.***, 806 A.2d 1259, 1262 (Pa. Super. 2002).

Here, Senate contends that the causes of action it pled in the Complaint to Join are not identical to those it raised in the 2018 Complaint, and the relief requested in both actions is different.[6] Brief for Appellant at 24-25. Concerning the relatedness of the causes of action, Senate contends that

> in the [] Complaint to Join, Senate has asserted only claims against KU for negligence and indemnification based on the [Senate/KU]contract. In the 2018 Complaint, Senate has asserted claims for breach of contract, professional negligence, contractual indemnification, common law indemnification, and contribution.

*Id.* at 24-25 (some capitalization omitted). Concerning the relief requested in the respective actions, Senate contends that

> in the [] Complaint to Join, Senate identified as damages the damages set forth in [Hoffman's] Complaint [in the 2014 action]. In the 2018 Complaint, however, Senate also set forth damages claimed by ACIDA in its three[-]count Cross-Claim against Senate, including costs related to repairing the Project and potential fines and penalties associated with defects in the Project[], as well as "damages claimed against ACIDA by other parties to this lawsuit …." Senate has not claimed these damages in its Complaint to Join ….

*Id.* at 25 (citations to record and some capitalization omitted).

---

[6] There is no dispute concerning the second prong of the pendency of action test, *i.e.*, the parties in the respective actions are the same.

Senate argues, in the alternative, that even if all of the prongs of the pendency of action test have been met, the trial court should have consolidated the respective cases, instead of dismissing the 2018 Complaint. *Id.* at 25-26 (citing, *inter alia*, ***Va. Mansions Condo. Assoc. v. Lampl***, 552 A.2d 275, 277 (Pa. Super. 1988) (stating that "[t]he party raising the defense of *lis pendens* can ask that … the actions be consolidated.")).

Senate additionally contends that the trial court erred in determining that Senate's claim for contribution is premature and/or duplicative, since "Pennsylvania law recognizes that a party does not have to pay a judgment or obligation before seeking contribution." Brief for Appellant at 27 (citing, *inter alia*, ***Swartz v. Sutherland***, 169 A.2d 289, 291 (Pa. 1961)).

Finally, Senate argues that the trial court erred in determining that the causes of action Senate pled in the 2018 Complaint, *i.e.*, breach of contract and negligence, were duplicative and "nothing more than claims for indemnity and contribution." Brief for Appellant at 29.

We conclude that none of Senate's claims entitle it to relief. First, the record supports the trial court's determination that the claims Senate pled in the 2018 Complaint are sufficiently similar to those it had previously raised in the Complaint to Join, and the first prong of the pendency of action test is thus satisfied. Though Senate raised more causes of action against KU in the 2018 Complaint (as opposed to the two causes of action in the Complaint to Join), this fact does not alter the result. The claims Senate asserted in the

2018 Complaint were duplicative of the claims of negligence and indemnity that it had previously had pled against KU in the Complaint to Join.

Additionally, this Court has held that a claim for contribution or indemnity does not arise until the party seeking contribution/indemnity has been caused to pay a judgment or settlement. *See MIIX Ins. Co. v. Epstein*, 937 A.2d 469, 473 (Pa. Super. 2007) (stating that "[t]he right of contribution and indemnity may be asserted during the original proceeding via joinder of the additional defendants, or it may be pursued in a separate action by an original defendant *who has previously been held liable* to the original plaintiff." (emphasis added; internal citation, brackets, ellipses and quotation marks omitted)). Here, we conclude that the trial court properly determined that (1) the breach of contract claim Senate raised in the 2018 Complaint is, in effect, a claim for indemnity or contribution; and (2) such claim is premature because there has not been any judgment entered against Senate, concerning either Hoffman's 2014 action or ACIDA's Cross-Claim against Senate in that action. *See* Memorandum and Order, 1/17/19, at 3 (unnumbered); *see also* 2018 Complaint, at ¶¶ 51-52 (in connection with the breach of contract claim, stating that, *in the event that* Senate is found liable on ACIDA's Cross-Claim in the 2014 action, certain specified breaches of contract were committed by KU).

Moreover, concerning the "damages" that Senate pled, in the two respective Complaints, we are unpersuaded by Senate's claim that the damages claimed are different, particularly where (1) there has been no

judgment entered against Senate; and (2) the damages that Hoffman sought from Senate in the 2014 action were identified in Hoffman's Complaint in that action. We additionally agree with the following rationale, advanced by KU, concerning the matter of damages: "Even if Senate could establish a need to assert additional damages[, *i.e.*, which it alleged after the filing of the Complaint to Join in 2016,] the proper method was through an amended cross-claim in the 2014 [action], and not through the filing of a completely separate … Complaint against KU." Brief for Appellee at 4.

Finally, although Senate is correct that it did not expressly plead a count of contribution in the Complaint to Join, whereas it did in the 2018 Complaint, this fact is irrelevant, where Senate sought indemnification from KU in the Complaint to Join. The trial court correctly found that a cause of action for contribution is "procedurally similar" to a claim for indemnification, and since no judgment has been entered against Senate, any claim for contribution or indemnification by KU is premature. **See** Memorandum and Order, 1/17/19, at 4 (unnumbered) (citing **Mattia v. Sears, Roebuck & Co.**, 531 A.2d 789, 792 (Pa. Super. 1987)); **see also Epstein**, **supra**.

Accordingly, as we discern no error of law by the trial court and conclude that none of Senate's issues entitle it to relief, we affirm the trial court's Order dismissing Senate's 2018 Complaint.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  11/19/2019