630 A.2d 22

Norman K. YOUNG, Sr.,

v.

Doug DART and Chrysler Corp., Appellees,

v.

RAM COUNTRY CHRYSLER, INC., Appellant.

Superior Court of Pennsylvania.

Argued April 14, 1993.

Filed Aug. 13, 1993.

44

Henry W. Gent, III, Franklin, for appellant.

Bruce T. Rosen, Oil City, for Doug Dart, appellee.

Before WIEAND, POPOVICH and HESTER, JJ.

POPOVICH, Judge:

This is an appeal from the judgment entered in the Court of Common Pleas of Venango County denying appellant's motion for judgment notwithstanding the verdict or, in the alterna-

tive, for new trial.[1]   Herein, we are presented with questions pertaining to the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201–1 et seq. ("UTPCPL") and the Automobile Lemon Law, 73 P.S. § 1951 et seq.   Upon review, we affirm.

The facts as set forth by the trial court are as follows:

[P]laintiff purchase[d] ... a 1989 Plymouth Reliant sedan, manufactured by Defendant, Chrysler Corp., from Defendant, Doug Dart, a new car dealer on March 11, 1989. Defendant, Doug Dart, had obtained the vehicle from another car dealer, [appellant], Ram Country Chrysler, Inc., on February 17, 1989.   [Appellant], Ram Country Chrysler, Inc., had taken delivery of the vehicle from Defendant, Chrysler Corp., on January 6, 1989.

From March 22, 1989, to September 27, 1989, Plaintiff returned the vehicle with complaints about the vehicle's operation and/or condition to either Defendant, Doug Dart, or to Wasko Motors, a Chrysler Dealer where the plaintiff resides, a total of nine (9) times.   On one of the occasions, Plaintiff was advised by Wasko's mechanic that portions of the rear body of the vehicle had been damaged and repaired.   At that time, shattered glass was found under the hood of the vehicle indicating that some other part of the vehicle had also been damaged.   After Plaintiff was dissatisfied with Chrysler's consumer arbitration proposal (73 P.S. § 1959), Plaintiff thereafter filed suit against Defendants, Doug Dart and Chrysler Corp.   The action contained two (2) counts, one under the Automobile Lemon Law, 73 P.S. § 1951, et seq., and a second pursuant to the Unfair Trade Practices and Consumer Protection Law 73 P.S. § 201–1, et seq., for representing that that vehicle was new.   Defendant, Doug Dart, then filed a Complaint against [appellant], Ram Country Chrysler, Inc.

1. In its order dated September 30, 1992, the lower court denied appellant's motion for judgment notwithstanding the verdict or, in the alternative for a new trial, and it directed the prothonotary to enter judgment in favor of the plaintiff in accordance with the molded verdict dated January 27, 1992.

After trial, the jury answered interrogatories and returned a verdict in favor of Plaintiff and against Defendant, Chrysler Corp., on the [A]utomobile Lemon Law Claim. The jury found Plaintiff was entitled to recover the purchase price of the vehicle ($12,800.68), less 10 cents per mile for each mile put on the vehicle by Plaintiff prior to his first report of the defect to Chrysler or its authorized dealer (2,995 miles). The jury also found that the plaintiff sustained $400.00 in collateral damages. The jury also returned a verdict in favor of Plaintiff and against all defendants on the warranty claim. On this claim, the jury found Plaintiff was entitled to recover the cost of the vehicle ($12,800.68), less the value the plaintiff had received from its use ($4,858.20). The jury also found the plaintiff sustained $124.97 in incidental damages and $700.00 in consequential damages.

On motions of all counsel, the Court molded the jury's verdict as a result of the jury's findings and indemnity claims in this case. The Court molded the verdict as follows: (1) In favor of Plaintiff and against Defendant, Chrysler Corp., in the sum of $30,081.99. Plaintiff is entitled to all costs and interest at 6 percent, simple, on $11,920.61 from March 11, 1989. Plaintiff must return the vehicle to Chrysler in reasonably good condition by delivery of the vehicle to Doug Dart or other nearby dealer upon tender of the above sum by Chrysler Corp. (2) In favor of Plaintiff and against Defendant, Doug Dart, in the sum of $424.97 with interest thereon at 6 percent, simple, from March 11, 1989. (3) Indemnity claim in favor of Defendant, Chrysler Corp., and against Defendant, Doug Dart, in the sum of $9,863.48 with interest on $7,942.48 from March 11, 1989, at 6 percent, simple, plus two-thirds of all court costs. Defendant, Doug Dart, is entitled to the vehicle upon tender of the above sums to Chrysler Corp. (4) Indemnity claim in favor of Defendant, Doug Dart, and against [appellant], Ram Country Chrysler, Inc., in the sum of $9,863.48 (cost of vehicle less value of Plaintiff's use plus litigation expenses incurred and charged to Doug Dart), with interest to Doug Dart on $7,942.48 from March 11, 1989, at 6 percent, simple,

plus one-third of all court costs. [Appellant], Ram Country Chrysler, Inc., is entitled to the vehicle from Defendant, Doug Dart, upon payment of the above sum to Defendant, Doug Dart. [Appellant], Ram Country Chrysler, Inc., thereafter filed the present Motion for Judgment Notwithstanding the Verdict or, in the alternative, for new Trial.

Trial Court Opinion, pp. 1–3. The lower court denied appellant's motion for judgment notwithstanding the verdict or, in the alternative, for new trial. Judgment was entered in favor of appellee, and this appeal followed.

Appellant raises the following issues for our review:

I. WHETHER THE EVIDENCE IS SUFFICIENT TO ESTABLISH FACTS WHICH FURNISH A LEGAL BASIS FOR AN ASSESSMENT OF DAMAGES UNDER THE UNFAIR TRADE AND PRACTICES AND CONSUMER PROTECTION LAW.

II. IS A MOTOR VEHICLE DEALER LIABLE, EITHER DIRECTLY OF INDIRECTLY, FOR DAMAGES UNDER THE AUTOMOBILE LEMON LAW, EVEN IF A PORTION OF THE DAMAGES AWARDED ARE BASED UPON THE SECTION OF THE AUTOMOBILE LEMON LAW WHICH STATES THAT A VIOLATION THEREOF SHALL ALSO BE A VIOLATION OF THE UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW.

Appellant's Brief, p. 3.

"Our standard of review of an order denying judgment notwithstanding the verdict is whether there was sufficient competent evidence to sustain the verdict." *Pirozzi v. Penske Olds–Cadillac–GMC,* 413 Pa.Super. 308, 312, 605 A.2d 373, 375 (1992), *alloc. denied,* 532 Pa. 665, 616 A.2d 985 (1992), *quoting, Wenrick v. Schlowmann–Siemag Aktiengesellschaft, et al.,* 523 Pa. 1, 4, 564 A.2d 1244, 1246 (1989). "We must ... afford the verdict winner the benefit of every inference which may reasonably be drawn from the evidence, while rejecting all unfavorable testimony and inferences." *Pirozzi,* 413 Pa.Super. at 312, 605 A.2d at 375, *quoting, Ingrassia Construction*

48

*Company, Inc. v. Walsh,* 337 Pa.Super. 58, 61, 486 A.2d 478, 480 (1984).

"The standard of review for an order denying a motion for a new trial is whether the trial court clearly and palpably abused its discretion or committed an error of law which controlled the outcome of the case." *Pirozzi,* 413 Pa.Super. at 312, 605 A.2d at 375, *quoting, Stevenson v. General Motors Corp.,* 513 Pa. 411, 425, 521 A.2d 413, 420–421 (1987). "If support for the trial court's decision is found in the record, the order must be affirmed." *Pirozzi,* 413 Pa.Super. at 312–13, 605 A.2d at 375, *quoting, Commonwealth ex rel. Meyers v. Stern,* 509 Pa. 260, 264, 501 A.2d 1380, 1382 (1985).

We begin our discussion by addressing the second issue posed above. Appellant maintains that the Automobile Lemon Law permits a recovery by a consumer only against a manufacturer of a motor vehicle. Appellant further contends that Dart's indemnification claim against appellant is invalid because the Automobile Lemon Law does not allow for recovery against a motor vehicle dealer. Appellant structures that argument as follows:

> The award to the Plaintiff as set forth in the molded verdict is against Chrysler and Chrysler's only liability, as found by the jury, is under the Automobile Lemon Law. Although the violation of the Automobile Lemon Law by Chrysler does also justify an award against Chrysler under the Unfair Trade Practices and Consumer Protection Law (73 P.S. § 1961), Chrysler is not entitled to indemnification from Dart since Dart is a motor vehicle dealer and cannot be held liable, directly or indirectly for any damages awarded to [plaintiff] under the Automobile Lemon Law. Accordingly, if an indemnification claim against Dart is not justified, Dart has no basis for an indemnification claim against Ram Country.

Appellant's Brief, pp. 6–7.

Appellant suggests that our court should be guided by the language of the Automobile Lemon Law in determining the validity of Dart's indemnification claim against appellant.

However, in order to properly analyze this issue, we apply principles of indemnity. "[T]he common law right of indemnity is ... a fault shifting mechanism, operable only when a defendant who has been held liable to a plaintiff *solely by operation of law,* seeks to recover his loss from a defendant who was actually responsible for the accident which occasioned the loss." *Sirianni v. Nugent Bros., Inc.,* 509 Pa. 564, 571, 506 A.2d 868 (1986) (emphasis added). *See Oblon v. Ludlow–Fourth Corp.,* 406 Pa.Super. 591, 595 A.2d 62 (1991), *alloc. denied,* 533 Pa. 600, 617 A.2d 1274 (one is entitled to indemnity if that person, although not at fault, becomes legally obligated to pay damages to a plaintiff who has suffered injury caused by a third party). "[A] court must look to whether the party seeking indemnity had *any part* in causing the injury." *Sirianni,* 509 Pa. at 571, 506 A.2d at 871.

By operation of law, Chrysler Corp. was held liable under the Automobile Lemon Law. The Automobile Lemon Law imposes an *absolute* duty upon manufacturers of automobiles to "repair or correct, at no cost to the purchaser, a nonconformity ... which may occur within a period of one year following the actual delivery of the vehicle to the purchaser, within the first 12,000 miles of use or during the term of the warranty, whichever may first occur." 73 P.S. § 1954(a). Further, "[i]f the manufacturer fails to repair or correct a nonconformity after a reasonable number of attempts," it has a duty to either replace or refund the motor vehicle. 73 P.S. § 1955. Upon rendering its verdict, the jury answered "no" to the following question, "Did the defect which you find to have existed at the time of delivery of the *Reliant* to the Plaintiff exist at the time of the delivery of the *Reliant* by Chrysler to Ram Country Chrysler?" Jury Verdict re Warranty Claim 11/22/91, Q.6. In light of that finding of fact, we conclude that Chrysler Corp. had no part in causing the defect to plaintiff's automobile. Consequently, contrary to appellant's contention, Chrysler's indemnification claim against Dart is warranted. *Cf. Mattia v. Sears, Roebuck & Co.,* 366 Pa.Super. 504, 508, 531 A.2d 789, 792 (1987), *appeal denied,* 519 Pa. 660, 546 A.2d 622 (retailer not entitled to indemnity

against manufacturer where the jury made a specific determination that the product was not defective when it left the manufacturer's control).

Appellant's argument that Dart's indemnification claim is invalid against appellant is derived from the assertion that Chrysler's indemnification claim is invalid against Dart. However, as determined above, Chrysler is entitled to indemnity against Dart. Moreover, we note with importance, that the jury answered "yes" to the following question in reaching its verdict, "Did the defect that you find exist at the time the *Reliant* was delivered to the Defendant, Doug Dart by Ram Country Chrysler?" Jury Verdict re Warranty Claim 11/22/91, Q.3. We conclude that Dart's indemnification claim against appellant is justified. Hence, we find the second issue raised by appellant lacks merit.

■ Directing our attention to the first issue posed by appellant, we find that there was sufficient evidence to support the jury's determination of actual damages pursuant to the UTPCPL, and that the lower court did not commit an error of law in its assessment of those damages. Section 201–9.2(a) of the UTPCPL provides for recovery of actual damages as follows:

§ 201–9.2 Private actions

(a) Any person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by any person of a method, act or practice declared unlawful by section 3 of this act may bring a private action, to recover actual damages or one hundred dollars ($100), whichever is greater. The court may, in its discretion, award up to three times the actual damages sustained, but not less than one hundred dollars ($100), and provide such additional relief as it deems necessary or proper.

73 P.S. § 201–9.2(a).

In determining that sufficient evidence existed to support the jury's verdict, the lower court found the testimony presented by plaintiff convincing.

It is obvious from the verdict that the jury exercised their right to believe the evidence presented by Plaintiff on this issue. Plaintiff testified to numerous problems and repairs with regard to his vehicle [Trial N.T., pp. 17–56]: dents on the vehicle; scratches on the windshield; rough idle; vehicle intermittently cuts out; headlamps needed to be adjusted; grinding noise under front end; water leakage in trunk; water leaking around driver's door; gap in wheelwell; broken glass under hood of vehicle; new thermostat installed; rust inside driver's door; exhaust leakage; paint on left and right rear quarter panels; tire wore unevenly and had to be replaced several times; replaced brake shoes. In addition, Robert Cinibulk, Plaintiff's expert witness, testified that the right rear quarter panel of Plaintiff's vehicle was previously damaged and repaired. [Trial N.T., pp. 108–113]. Another witness for the plaintiff, Gregory Foringer, an autobody repairman at Wasko Motors, testified that the plaintiff's vehicle had been wrecked, and mig welding was done to the rear quarter panel. This is a type of welding not usually done at a new car factory. [Trial N.T., pp. 189–192]. . . .

The jury's finding supports Plaintiff's contention that he is entitled to damages for the amount paid the defendants for the vehicle. By contending that Plaintiff had not presented any evidence regarding the actual damages suffered by him, the [appellant] disregards all of the evidence presented at trial by Plaintiff relative to his vehicle damage. [Appellant] also overlooks the fact that the actual damage claim by Plaintiff is the cost of the vehicle. . . . Therefore, we find there to be sufficient evidence to support the jury's finding that Plaintiff's actual damages in this case were the cost of the vehicle, less the value Plaintiff received from its use, $124.97 in incidental damages and $700.00 in consequential damages.

Trial Court Opinion, pp. 7–9.

■ The UTPCPL does not set forth a formula for the assessment of actual damages. Appellant asserts that the lower court erred in not applying the measurement of dam-

ages provided under § 928 of the Restatement (Second) of Torts.

§ 928. Harm to Chattels

When one is entitled to a judgment for harm to chattels not amounting to a total destruction in value, the damages include compensation for

(a) the difference between the value of the chattel before the harm and the value after the harm or, at his election in an appropriate case, the reasonable cost of repair or restoration, with due allowance for any difference between the original value and the value after repairs, and

(b) the loss of use.

Restatement (Second) of Torts § 928. Because the plaintiff did not present evidence to establish the fair market value of the motor vehicle as damaged or the cost of repairs of the motor vehicle, appellant contends that there was insufficient evidence to furnish a legal basis for an assessment of actual damages under the UTPCPL.

Instead of applying the aforesaid measurement of damages, the lower court assessed the plaintiff's actual damages as the cost of the vehicle ($12,800.68), less the value the plaintiff had received from its use ($4,858.20), $124.97 in incidental damages and $700.00 in consequential damages. Further, the court ordered the return of the motor vehicle by the plaintiff. Appellant contends that the court below essentially applied the formula prescribed by § 1955 of the Automobile Lemon Law for its measurement of actual damages pursuant to the UTPCPL. Section 1955 of the Automobile Lemon Law provides in relevant part:

If the manufacturer fails to repair or correct a nonconformity after a reasonable number of attempts, the manufacturer shall, at the option of the purchaser, replace the motor vehicle with a comparable motor vehicle of equal value or accept return of the vehicle from the purchaser and refund to the purchaser the full purchase price, including all collateral charges, less a reasonable allowance for the purchaser's use of the vehicle not exceeding 10 cents per mile driven or

10% of the purchase price of the vehicle, whichever is less. . . .

73 P.S. § 1955. Although, the measurement of actual damages used by the court below resembles the remedy provided under § 1955 of the Automobile Lemon Law, we find that the lower court did not commit an error of law or abuse its discretion in its analysis of damages.

The jury found that the motor vehicle became defective when it was in the possession of appellant, and that the motor vehicle was defective when it was delivered to the plaintiff. Jury Verdict re Warranty Claim 11/22/91, Q.1, 3, 6. Under these particular circumstances, we are of the opinion that § 928 of the Restatement (Second) of Torts does not provide adequate guidance to an issue that is contractual in nature. The plaintiff bargained for a new 1989 Plymouth *Reliant* sedan. Indeed, the motor vehicle was represented to the plaintiff as being original and new. Instead, the automobile was damaged and reconditioned when it was in the control of appellant.

> Generally speaking, the measure of damages applicable in a case of breach of contract is that the aggrieved party should be placed as nearly as possible in the same position he would have occupied had there been no breach. In other words, he is entitled to be reimbursed for the money actually paid out and for all reasonable and proper expenses incurred on the faith of the contract.

*Harman v. Chambers*, 358 Pa. 516, 57 A.2d 842 (1948). At the time the plaintiff purchased the motor vehicle for $12,800.68, the vehicle was already in defective condition. The lower court determined that the plaintiff was entitled to be reimbursed for the $12,800.68 he paid for the automobile. From that amount, the court below subtracted the value the plaintiff had received from the vehicle's use ($4,858.20).[2] The lower

2. Appellant contends that the figure, $4,858.20, "came out of thin air and was not presented into evidence by any party to these proceedings." Appellant's Brief, p. 12. "The determination of damages lies initially within the discretion of the jury, which weighs the evidence and assesses the credibility of the witnesses." *Glomb v. Glomb*, 366

court may have reasoned that the subtraction was necessary in this case in order to conform to the expectations of the parties rather than to allow the plaintiff from being unjustly enriched. Nevertheless, we conclude that there was sufficient evidence to support the jury's finding of actual damages under the UTPCPL, and that the lower court did not commit an error of law nor abuse its discretion in its measurement of those damages. Accordingly, we affirm the judgment.

Judgment affirmed.

WIEAND, J., concurs in the result.

Pa.Super. 206, 530 A.2d 1362 (1987), *appeal denied*, 517 Pa. 623, 538 A.2d 876. Here, the jury found that the plaintiff had received $4,858.20 from the use of the *Reliant*. Jury Verdict re Warranty Claim 11/22/91, Q.13a. The plaintiff purchased the *Reliant* on March 11, 1989 and was still in possession of it at the time of trial in November of 1991. Moreover, the car had been driven approximately 32,000 miles since the plaintiff purchased it. Trial N.T., p. 51. Although the record is devoid of the judge's instructions to the jury on how to determine the value which the plaintiff derived from using the vehicle, we find sufficient evidence warranting the amount determined by the jury. Thus, we are not inclined to disturb the jury's finding.