**IN RE ETFF CORPORATION, et al., Debtor.**

**Morrisanderson, Ltd., in its Capacity as Trustee of the Plan Trust of ETFF Corporation, et al, Plaintiffs,**

**v.**

**Wenger Feed Mills, Inc., et al., Defendant.**

**BANKRUPTCY NO. 12–19430–MDC ADVERSARY NO. 14–00506–MDC**

United States Bankruptcy Court, E.D. Pennsylvania.

Signed December 15, 2015

Linda Alle–Murphy, Aris J. Karalis, Robert W. Seitzer, Camille Spinale, Maschmeyer Karalis P.C., Philadelphia, PA, Brandon M. Duncomb, Ron E. Meisler,

Skadden, Arps, Slate, Meagher & Flom LLP, Chicago, IL, Lonie A. Hassel, Groom Law Group, Washington, DC, for Debtor.

Margaret England, Gellert Scali Busenkell & Brown, LLC, Philadelphia, PA, Ronald S. Gellert, Gellert Scali Busenkell & Brown, LLC, Wilmington, DE, for Plaintiffs.

Timothy G. Dietrich, Barley Snyder LLP, Reading, PA, Ronald Jay Drescher, Drescher & Associates PA, Baltimore, MD, for Defendant.

### *ORDER*

MAGDELINE D. COLEMAN,
UNITED STATES BANKRUPTCY
JUDGE

**AND NOW,** this Court held a hearing on December 9, 2015 (the "Hearing"), to address the Motion to Amend dated November 10, 2015 [Docket No. 46] (the "Motion to Amend"), filed by Ernest O. Horn, III, Timothy F. Horn, Sr., Donald E. Eshleman, John T. Zerbe, Arnold Sumner, Jeffrey Schaum, and Edward F. McMillan (the "Pennfield Defendants").

**AND,** also at the Hearing, this Court addressed and granted the Motion to Approve Compromise dated November 13, 2015 [Docket No. 49] (the "Settlement Motion"), filed by Morris Anderson, Ltd., Plan Trustee of the Plan Trust of ETFF Corporation (the "Plan Trustee").

**AND,** pursuant to the Settlement Motion, the Plan Trustee sought approval of the compromise of its claims brought against Wenger Feed Mills, Inc. ("Wenger") wherein the Plan Trustee agreed to accept, as evidenced by the Settlement Agreement and Release dated November 11, 2015, attached as Exhibit A to the Settlement Motion (the "Settlement"), a payment in the amount of $150,000 in exchange for the release of its claims against Wenger.

**AND,** the Pennfield Defendants did not object to this Court's approval of the Settlement. Audio recording of Hearing 12/9/2015 @ 11:39 a.m. (11:51:12–11:52:15) Bky. No. 12–19430MDC.

**AND,** finding that the Settlement was reasonable and in the best interests of the Debtor's estate, this Court entered an Order dated December 9, 2015 [Docket No. 60], granting the Settlement Motion.

**AND,** pursuant to the Motion to Amend, the Pennfield Defendants sought permission to file an Amended Crossclaim asserting claims for contribution and unjust enrichment against Wenger (the "Amended Crossclaims").

**AND,** as alleged by the Pennfield Defendants in the Motion to Amend, the Pennfield Defendants maintain that, "in the event" that this Court determines that Wenger's April 2012 sale of Hempland Mill to Pennfield Corporation constituted a breach of the Pennfield Defendants' fiduciary duties and awards damages to the Plaintiff on that basis, the Pennfield Defendants would have claims against Wenger for contribution and unjust enrichment. Motion to Amend, ¶ 6.

**AND,** in response to the Motion to Amend, Wenger filed a Response dated November 23, 2015 [Docket No. 53] ("Response"), wherein Wenger asserted, *inter alia,* that this Court lacked jurisdiction to adjudicate the Amended Crossclaims because they involved the adjudication of a dispute between two non-debtor parties that would have no impact on the administration of the Debtor's Bankruptcy estate. Response, ¶ 14(b).

It is hereby **ORDERED** and **DETERMINED** that:

1. Fed. R. Civ. P.15 governs a party's request to amend its pleadings and recognizes that leave to amend should be

freely given. Fed. R. Civ. P. 15(a)(1)(2); *see also Long v. Wilson*, 393 F.3d 390, 400 (3d Cir.2004). However, leave to amend may be denied for the following reasons: (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice to the opposing party; and (4) futility of amendment. *Foman v. Davis*, 371 U.S. at 182, 83 S.Ct. 227.

■ 2. A party objecting to amendment bears the burden of establishing grounds for denial. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

■ 3. "An amendment is considered futile if the amended pleading fails to state a claim or would be subject to a motion to dismiss on some other basis." *McNally v. Yarnall*, 764 F.Supp. 853, 855 (S.D.N.Y. 1991).

4. For the reasons elaborated herein, the Motion to Amend must be denied because this Court lacks jurisdiction to adjudicate the Amended Crossclaims.

■ 5. Bankruptcy courts are courts of limited jurisdiction that may adjudicate four categories of proceedings: cases under title 11 (the bankruptcy itself); proceedings "arising under title 11"; proceedings "arising in" a bankruptcy case; and proceedings "related to" a bankruptcy case. *In re Exide Technologies*, 544 F.3d 196, 205 (3d Cir.2008). As stated by the Third Circuit:

> The first three categories are 'core' proceedings in which the bankruptcy court has power to hear, decide, and enter orders and judgments. The fourth category, 'related to' proceedings, are 'non-core' proceedings, which the bankruptcy court can hear, but in which it can only submit proposed findings of fact and

conclusions of law to the district court, not issue orders.

*Id.*, 544 F.3d at 205 (citations omitted).

■ 6. Generally, the adjudication of claims between non-debtor parties are not considered to within a Bankruptcy court's "related to" jurisdiction. *Sanders Confectionery Products, Inc. v. Heller Financial, Inc.*, 973 F.2d 474, 483 (6th Cir.1992); *In re Foundation for New Era Philanthropy*, 201 B.R. 382, 387 (Bankr.E D.Pa.1996).

■ 7. As observed by the Third Circuit, "even if the estate has a direct financial interest in a claim that a party proposes to litigate in bankruptcy court, this fact, by itself, does not provide an adequate jurisdictional foundation." *In re Guild and Gallery Plus, Inc.*, 72 F.3d 1171, 1180 (3d Cir.1996).

■ 8. The Pennfield Defendants assert against Wenger common law claims of contribution and unjust enrichment.

9. The Pennfield Defendants maintain that the terms of the Settlement implicate the respective liability between Wenger and the Pennfield Defendants and thereby, as a result of the Settlement, this Court has jurisdiction to adjudicate their common law claims of contribution and unjust enrichment to the extent they are determinative of ultimate payment obligations of Wenger and the Pennfield Defendants.

10. The Pennfield Defendants advanced no other basis for this Court to adjudicate the Amended Crossclaims.

11. The fact that the Settlement may implicate the liability of Wenger to the Pennfield Defendants does not create jurisdiction for this Court to adjudicate the Amended Crossclaims. *In re Resorts Int'l, Inc.*, 372 F.3d 154 (3rd Cir.2004) ("If a court lacks jurisdiction over a dispute, it cannot create that jurisdiction by simply stating that it has jurisdiction in a confir-

mation or other order."); *In re Guild and Gallery Plus, Inc.*, 72 F.3d 1171, 1182 (3d Cir.1996) (*"Pacor* cannot be read to countenance this sort of bootstrapping.").

12. While the adjudication of the Plan Trustee's claims against Wenger or the Pennfield Defendants are within this Court's power to "hear and determine all cases under title 11 and all core proceedings arising under title 11," the Pennfield Defendants may not rely upon the status of the Plan Trustee's claims to "bootstrap this Court's jurisdiction" to include the claims of the Pennfield Defendants against Wenger. *In re Wezner*, 470 B.R. 344, 350 (Bankr.E.D.Pa.2012).

13. Moreover, the adjudication of the potential liability of the Pennfield Defendants to the Plan Trustee will not prevent the Pennfield Defendants from subsequently pursuing in a state court action the potential liability of Wenger to reimburse the Pennfield Defendants for some or all of the Penfield Defendants' liability to the Plan Trustee. *Tindal v. Southeastern Pennsylvania Transp. Authority*, 385 Pa.Super. 94, 560 A.2d 183, 188–89 (1989) ("a plaintiff may ... recover against a tortfeasor in excess of the latter's pro rata share of damages in a suit where multiple tortfeasors are found liable [and] the overpaying tortfeasor [may then] seek contribution from the other responsible defendants for such overpayment."); *Mattia v. Sears, Roebuck & Co.*, 366 Pa.Super. 504, 531 A.2d 789 (1987) (recognizing that a right of contribution "may be pursued in a separate action brought by a tortfeasor who has previously been held liable to the original plaintiff").

14. Assuming the Pennfield Defendants are found liable to the Plan Trustee and are ordered to make payment, the fact that a determination of the Pennfield Defendants' liability may give rise to a subsequent claim by the Pennfield Defendants

against Wenger for reimbursement of all or some portion of what they may be determined to be liable to pay does not create jurisdiction for this Court to address the Amended Crossclaims. *In re Swift*, 519 B.R. 39, 44–45 (Bankr.E.D.N.Y.2014) (denying motion to amend to add crossclaim against nondebtor party who was alleged to be obligated to reimburse defendant in the event that the defendant is found liable to debtor).

15. The adjudication of the Amended Crossclaims will not, in any way, affect the potential liability, if any, of either Wenger or the Pennfield Defendants to the Debtor's Bankruptcy estate. *In re Drauschak*, 481 B.R. 330, 343 (Bankr. E.D.Pa.2012) ("the outcome of the defendants' state law contribution cross-claims raised by some defendants against other defendants, although within the jurisdiction of the state court to resolve, would likely have no conceivable effect upon [the debtor's] bankruptcy case and, therefore, would be outside the subject jurisdiction of this bankruptcy court").

16. Because the adjudication of the Amended Crossclaims will not affect the administration of the Debtor's Bankruptcy estate or otherwise affect it, the Amended Crossclaims are therefore not related to a case under title 11 within the meaning of 28 U.S.C. § 1334(b). *In re Guild and Gallery Plus, Inc.*, 72 F.3d 1171, 1181–82 (3d Cir.1996) (holding claim was outside Bankruptcy court jurisdiction because its adjudication would not affect "the handling and administration of the bankrupt estate"); *Swift*, 519 B.R. at 44–45 ("The Court does not have subject matter jurisdiction over the Third–Party Claims because they do not directly affect the rest of the bankruptcy estate, nor does their outcome impact the administration of the bankrupt estate.").

17. Because this Court lacks jurisdiction to hear or otherwise adjudicate the Amended Crossclaims, the Motion to Amend is hereby **DISMISSED** for futility.